[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#108)
 ORDER
The present case arises out of an automobile accident in Stamford involving a vehicle owned and operated by the defendant Mayank Patel and a Chevrolet Blazer operated by Lisa Pelazza. The plaintiff Jitendra Patel alleges that he sustained personal injuries as a result of Mayank Patel's negligent operation of the vehicle. In addition, the plaintiff sued Mayank Patel's insurer Allstate Insurance Company (Allstate) claiming that it operated in bad faith in negotiating its settlement with him. Allstate has moved to strike count two of the complaint against it alleging bad faith.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . . We take the facts to be those alleged in the complaint . . . and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation CT Page 6310 marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000).
Allstate argues that an individual that is not a party to the relevant insurance contract may not state a legally sufficient cause of action against an insurer claiming breach of the implied covenant of good faith and fair dealing or bad faith. The plaintiff argues that an insurer has a common law duty to negotiate settlements and otherwise act in good faith when dealing with individual injured by its insured. See White v.Allstate Ins. Co., District Court, Docket No. 1586 (D. Conn. July 29, 1999, Dorsey, J.).
This court is without any specific guidance from Connecticut appellate authority regarding whether a third party states a legally sufficient cause of action for bad faith against another's insurer. However, numerous Superior Court cases have refused to permit third parties to sue an insurer. "[T]he law is clear that only contracting parties may enforce the implied covenant of good faith and fair dealing. . . . No Connecticut court has extended the implied covenant of fair dealing and good faith to parties who have not entered into a contractual relationship. . . . Furthermore, [a]n insurance company does not have a duty to settle fairly with third party claimants . . . nor does a claimant have a direct cause of action against an insurance company of the tortfeasor." (Citations omitted; internal quotation marks omitted.)Grant v. Colonial Penn Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996, Hauser,J.) (16 Conn.L.Rptr. 49); see, e.g., Banatoski v. Sheridan, Superior Court, judicial district of New Britain, Docket No. 483809 (September 17, 1998, Leheny, J.) (23 Conn.L.Rptr 344); Martin v. Marino, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566135 (April 9, 1997, Aurigemma, J.); DeCormier v. Grange MutualCasualty Co., Superior Court, judicial district of New London at New London, Docket No. 525835 (October 18, 1993, Hurley, J.). The court agrees with the reasoning of these Superior Court cases. Therefore, the motion to strike count two is granted.
KARAZIN, J.